**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| OREN PROTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDIFAST, INC., BRADLEY T. MACDONALD, MICHAEL S. MCDEVITT, MARGARET E. MACDONALD-SHEETZ, and BRENDON N. CONNORS,<br><br>Defendants. | **Civil No. 1:11-cv-720-BEL** |
| FRED GREENBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDIFAST, INC., MICHAEL S. MCDEVITT, BRENDAN N. CONNORS, BRADLEY T. MACDONALD, MARGARET E. MACDONALD-SHEETZ,<br><br>Defendants. | **Civil No. 11-cv-776-BEL** |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT N. GRANTHAM AND ROBERT MCGEE'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF CO-LEAD COUNSEL**

Robert N. Grantham ("Grantham") and Robert McGee ("McGee") respectfully submit this memorandum in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all actions filed in the District of Maryland in the above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing Grantham and McGee as Lead Plaintiffs in the consolidated action on behalf of all persons or entities who purchased or otherwise acquired Medifast, Inc. ("Medifast" or the "Company")

securities; (3) approving Lead Plaintiffs' selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and Glancy Binkow & Goldberg LLP ("Glancy") as Co-Lead Counsel and Tydings & Rosenberg LLP ("Tydings") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

The above-captioned actions[1] are securities class action lawsuits that have been brought against Medifast and certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. The actions are on behalf of all persons or entities who purchased or otherwise acquired the securities of Medifast between March 4, 2010 and March 11, 2011, inclusive (the "Class Period").

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Grantham and McGee, with losses of approximately $103,440 in connection with their purchases of Medifast during the Class Period, are adequate and typical to serve as lead plaintiffs. Grantham and McGee believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiffs in this action. Grantham and McGee have the largest financial interest in the relief sought in this action by virtue of their substantial investments in Medifast during the Class Period and the losses they suffered as a result of Defendants' misconduct. Grantham and McGee further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate loss representatives with claims typical of the other Class members.

[1] The actions are styled the following: *Proter v. Medifast, Inc., et al.*, 1:10-cv-720-BEL and *Greenberg v. Medifast, Inc., et al.*, 1:10-cv-776-BEL.

Accordingly, Grantham and McGee respectfully submit that they should be appointed Lead Plaintiffs.

**FACTUAL BACKGROUND**

Medifast's operations are primarily conducted through five of its wholly owned subsidiaries, Jason Pharmaceuticals, Inc., TSFL, Jason Enterprises, Inc., Jason Properties, LLC and Seven Crondall, LLC. The Company's three primary distribution channels are TSFL, Direct Response, and Medifast Weight Control Centers. The Company is engaged in the production, distribution, and sale of weight management and disease management products and other consumable health and diet products. Medifast's product lines include weight and disease management, meal replacement, and vitamins primarily manufactured in its FDA approved facility in Owings Mills, Maryland.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company was improperly recognizing certain expenses; (2) that the Company lacked adequate internal and financial controls; and (3) that, as a result of the foregoing, the Company's financial results were materially false and misleading at all relevant times.

On March 11, 2011, the Company disclosed that it would be forced to delay the filing of its fiscal 2010 financial results and its Annual Report on Form 10-K. According to the limited information provided by the Company regarding the delay, Medifast requires additional time to complete its year-end financial statements due to the need to review the recognition of certain expenses in prior periods.

On this news, Medifast shares declined $5.27 per share, or more than 24%, to close on March 11, 2011, at $16.63 per share.

**ARGUMENT**

**I. <u>THE RELATED ACTIONS SHOULD BE CONSOLIDATED</u>**

Consolidation of related cases is appropriate, where as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). Consolidation is particularly appropriate in securities class action litigation that presents common questions of law or fact. *See generally In re Royal Ahold N.V. Sec. and ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003). Here, the actions allege similar claims and all stem from the disclosure that the Company will review the recognition of certain expenses in prior periods. Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Accordingly, consolidation of the related actions is appropriate.

## II. GRANTHAM AND MCGEE SHOULD BE APPOINTED LEAD PLAINTIFFS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Grantham and McGee satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs to lead the Class and, therefore, should be appointed Lead Plaintiffs.

### A. Grantham and McGee Are Willing to Serve as Class Representatives

On March 18, 2011, counsel in the *Proter* action caused a notice ("Notice") to be published over Globe Newswire pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised putative class members that they had until May 17, 2011, to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman (hereinafter "Lieberman Decl."), Exhibit A.

Grantham and McGee have filed the instant motion pursuant to the Notice and have attached certifications attesting that they are willing to serve as representatives of the Class and are willing to provide testimony at depositions and trial, if necessary. *See* Lieberman Decl., Exhibit B. Accordingly, Grantham and McGee satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B. **Grantham and McGee** **<u>Have The "Largest Financial Interest" in the Action</u>**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Grantham and McGee believe that they have the largest financial interest of any of the movants with regard to the relief sought by the Class. Grantham purchased (1) 7,000 shares of Medifast securities; (2) expended $159,610 for his purchases of Medifast securities; (3) retained 6,300 shares of Medifast securities at the end of the Class Period; and (4) suffered a loss of approximately $28,155. McGee purchased (1) 22,254 shares of Medifast securities; (2) expended $573,169 for his purchases of Medifast securities; (3) retained 22 shares of Medifast securities; and (4) suffered a loss of approximately $75,286. In total, Grantham and McGee have a collective loss of approximately $103,440. Because Grantham and McGee possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. *See* Lieberman Decl., Exhibit C. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

### C. Grantham and McGee Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001) (citing *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998)). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). *See Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *Royal Ahold*, 219 F.R.D. at 350.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999); *see also Royal Ahold*, 219 F.R.D. at 350 ("typicality is satisfied if the movant's claim arises from the same

course of events . . . and relies on similar legal theories"). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Danis*, 189 F.R.D. at 395. Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.*

Grantham and McGee's claims are typical of those of the Class. They allege, as do all class members, that defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning Medifast, or omitted to state material facts necessary to make the statements they did make not misleading. Grantham and McGee, as did all members of the Class, purchased Medifast securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)); *see also Royal Ahold*, 219 F.R.D. at 350.

Grantham and McGee are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have sufficient interests in the outcome of this litigation. Moreover, they have retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and

efficiently, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### D. Grantham and McGee Would Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Grantham and McGee as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Grantham and McGee's ability and desire to fairly and adequately represent the Class have been discussed above. Grantham and McGee are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Grantham and McGee should be appointed Lead Plaintiffs for the Class.

## III. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Grantham and McGee have selected the Pomerantz and Glancy law firms as Co-Lead Counsel and the Tydings law firm as Liaison Counsel. The law firms are all highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the

firms' resumes. *See* Lieberman Decl., Exhibits D, E and F. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Grantham and McGee's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Grantham and McGee's selection of Co-Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Grantham and McGee respectfully request the Court to issue an Order (a) consolidating the related actions; (b) appointing Grantham and McGee as Lead Plaintiffs for the Class; (c) approving the Pomerantz and Glancy law firms as Co-Lead Counsel and Tydings law firm as Liaison Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: May 17, 2011

Respectfully submitted,

**TYDINGS & ROSENBERG LLP**

/s/ Daniel S. Katz
John B. Isbister, Federal Bar No. 00639
Daniel S. Katz, Federal Bar No. 01148
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone: (410) 752-9700
Facsimile: (410) 752-5460

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California, 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

***Attorneys for Robert N. Grantham and Robert McGee***