**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| OREN PROTER, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br>    v.<br><br>MEDIFAST, INC., BRADLEY T. MACDONALD, MICHAEL S. MCDEVITT, MARGARET E. MACDONALD-HEETZ, and BRENDON N. CONNORS,<br><br>                  Defendants. | **CASE NO.: 1:11-cv-00720-BEL** |
| FRED GREENBERG, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br>    v.<br><br>MEDIFAST, INC., BRADLEY T. MACDONALD, MICHAEL S. MCDEVITT, MARGARET E. MACDONALD-SHEETZ, and BRENDON N. CONNORS,<br><br>                  Defendants. | **CASE NO.: 1:11-CV-00776-BEL** |

**MEMORANDUM IN SUPPORT OF ROBERT WALKOSKI AND HOWARD PAVONY'S MOTION TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFF, AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL**

**PRELIMINARY STATEMENT**

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Medifast, Inc. ("Medifast" or the "Company") during the period of March 4, 2010 and March 10, 2011, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Medifast, Bradley T. Macdonald, Michael S. McDevitt, Margaret E. Macdonald-Sheetz, and Brendon N. Connors (the "Individual Defendants").

Class members Robert Walkoski and Howard Pavony ("Movants") hereby move this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating the captioned actions for all purposes; (b) appointing Movants as lead plaintiff in the Actions; and (c) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") and Brower Piven, A Professional Corporation ("Brower Piven") as lead and liaison counsel, respectively, for the Class.

During the Class Period, Robert Walkoski suffered a loss of $138,872;[1] and Howard Pavony suffered a loss of $35,150. Thus, Movants suffered total losses of $174,022 (or $160,455 if Mr. Walkoski's losses are calculated using LIFO) stemming from their investments in Medifast. Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

---

[1] Mr. Walkoski suffered a $138,872 loss under the FIFO (first-in-first-out) method, and $125,305 under the LIFO (last-in-first-out) method. Both methods are accepted by courts.

**STATEMENT OF FACTS**

Plaintiffs in the case allege that Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company was improperly recognizing certain expenses; (2) that the Company lacked adequate internal and financial controls; and (3) that, as a result of the foregoing, the Company's financial results were materially false and misleading at all relevant times.

On March 11, 2011, the Company disclosed that it would be forced to delay the filing of its fiscal 2010 financial results and its Annual Report. According to the limited information provided by the Company regarding the delay, Medifast requires additional time to complete its year-end financial statements due to the need to review the recognition of certain expenses in prior periods. On this news, Medifast shares declined $5.27 per share, or more than 24%, to close at $16.63 per share.

**ARGUMENT**

**I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*.

    **A.    The Court Should Resolve The Consolidation Issue
          As a Prerequisite to The Determination of Lead Plaintiff**

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a). Consolidation is particularly appropriate in securities class action litigation. *See In re Royal Ahold N.V. Sec. and ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in moving the Actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of law and fact presented by the related actions now pending in this District.

## II.     THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

### A.     The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiff to represent Plaintiffs and, as a result, should be appointed lead plaintiff in the Actions.

### 1. Movants Are Willing To Serve As Class Representatives

On March 18, 2011, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Medifast and the Individual Defendants, and which advised putative class members that they had until May 17, 2011 to file a motion to seek appointment as a lead plaintiff in the action.[2]

Movants have reviewed one of the complaints filed in the pending actions and have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to

---

[2] *See* Declaration of Yelena Trepetin ("Trepetin Decl.") Ex. A.

their willingness to serve as representatives party of the Class and provide testimony at deposition and trial, if necessary. *See* Trepetin Decl. Ex. B. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Movants Are The Most Adequate Lead Plaintiff

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Movants believe their $186,563 (or $172,996 if Mr. Walkoski's losses are calculated using LIFO) loss constitutes the largest financial interest in the outcome of the action. As such, Movants are the most adequate lead plaintiff and should be appointed as lead plaintiff. *See* Ex. C to Trepetin Declaration.

### 3. Movants Meet The Requirements Of Rule 23 Of The F.R.C.P.

Equally important, Movants satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA. *See Royal Ahold N.V.*, 219 F.R.D. at 350. Movants' certifications affirmatively establish that they meet the typicality requirement of Rule 23 because they: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

      1.      whether the federal securities laws were violated by Defendants' acts;

      2.      whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about Medifast;

      3.      whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and

      4.      whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movants as to all members of the purported Class. Similar to all of the other members of the Class, Movants purchased shares of Medifast common stock at prices materially distorted as a result of Defendants' misrepresentations. Because Movants' claims are based on the same legal theories and arise from the same "course of events" that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See id.*

Further, Movants are uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiff. Specifically, Movants will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

**III.**    <u>**MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED**</u>

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard and Brower Piven as the proposed lead and liaison counsel, respectively, for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class as lead counsel. *See* Trepetin Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. Indeed, THE NATIONAL LAW JOURNAL has recognized Bernstein Liebhard for six consecutive years as one of the top plaintiffs' firms in the country. Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row. Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard's partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending in the Southern District of New York before Judge Shira Scheindlin.  The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On October 5, 2009, the court granted final approval to a $586 million settlement.

Likewise, Brower Piven has represented investors in federal and state courts throughout the United States for many years.  *See* Trepetin Decl. Ex. E.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court:  (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movants as lead plaintiff for the Class in the Actions and all subsequently-filed, related actions; and (3) approve Bernstein Liebhard and Brower Piven as lead and liaison counsel, respectively, for the Class.


DATED:  May 17, 2011					Respectfully submitted,

					**BROWER PIVEN**
					  A Professional Corporation

					/s/Yelena Trepetin
					Charles Piven (Md. Fed. Bar No. 00967)
					Email: piven@browerpiven.com
					Yelena Trepetin (Md. Fed. Bar No. 28706)
					Email: trepetin@browerpiven.com
					1925 Old Valley Road
					Stevenson, Maryland  21153
					Telephone: 410-332-0030
					Facsimile: 410-685-1300

					*Liaison Counsel for Movants and Proposed Liaison Counsel for the Proposed Class*

8

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
Email: liebhard@bernlieb.com
U. Seth Ottensoser
Email: ottensoser@bernlieb.com
Joseph R. Seidman, Jr.
Email: seidman@bernlieb.com
10 E. 40th Street
New York, NY  10016
Telephone: 212-779-1414
Facsimile:  212-779-3218

*Counsel for Movants and Proposed Lead Counsel for Proposed Class*